UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLA LEE TUTTLE, | ) | CASE NO.: 1:24-cv-01188 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Carla Lee Tuttle to the Report and Recommendation ("R&R") of the Magistrate Judge. On June 23, 2025, the Magistrate Judge issued an R&R in this matter recommending that the Court affirm the Commissioner. Doc. 14. On July 7, 2025, Tuttle objected to the R&R. Doc. 15. On July 21, 2025, the Commissioner responded to the objections. Doc. 16. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the

1

Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Tuttle contends that the ALJ erred in evaluating the opinion of a treating physician, Dr. Bihl. Doc. 15, p. 2. Specifically, she asserts that "the ALJ failed to build an accurate and logical bridge between the evidence and the findings relating to the supportability and consistency factors of the regulations." Doc. 15, p. 2. This objection is the same assignment of error that Tuttle set forth before the Magistrate Judge.

Dr. Bihl's opinion is as follows:

> Carla Tuttle is a patient of mine and was under my care for her neuropathy from 2015 to 2020. Please take in to consideration the following recommendations: Rest and elevate feet waist level or higher for swelling and pain. Please contact the office. . . for any further questions.

Doc. 14, p. 14, quoting Tr. 1848.

The R&R explains that the analyzed Dr. Bihl's opinion as follows:

> In correspondence dated August 3, 2023, Adam Bihl, M.D., noted that the claimant has been under his care for her neuropathy from 2015 through 2020 and that he recommended rest and elevating feet to waist level or higher for swelling and pain []. The undersigned has found this assessment <u>unpersuasive. There is no objective evidence cited by Dr. Bihl to support the extent of the limitations assessed. Furthermore, review of the record above does not establish foundation for or medical support for either of Dr. Bihl's allowances.</u>

Doc. 14, p. 23, quoting Tr. 24-25 (emphasis added) (internal citation omitted).)

The R&R then goes through a three and a half (3.5) page analysis of the ALJ's supportability and consistency analysis. Here, Tuttle notes that she "does not argue that the ALJ completely ignored Dr. Bhil's opinion and does not dispute that the ALJ provided reasons for finding the opinion unpersuasive." Doc. 15, p. 5. She asserts that the reasons given were not enough. Id.

2

Regarding supportability, the R&R noted that Tuttle argued that 1) the ALJ failed to provide any explanation as to why Dr. Bihl's supporting explanations were insufficient and that 2) the ALJ failed to compare the contents of the Dr. Bihl's treatment notes to his opinion. Doc. 14, p. 24. As the R&R properly noted, the "ALJ explicitly highlighted Dr. Bihl's failure to cite to any 'objective evidence…to support the extent of the limitations assessed.'" Doc. 14, p. 24, quoting Tr. 24-25. Here, Tuttle acknowledges that "Dr. Bihl's letter obviously did not cite to objective evidence, but Dr. Bhil's letter referenced his treatment relationship with Plaintiff for 'neuropathy from 2015-2020." Doc. 15, p. 3 quoting Tr. 1848. Tuttle asserts that the ALJ was then required to craft a bridge from Dr. Bihl's treatment records to his conclusory statement that Tuttle would need to rest and raise her feet throughout the day. To that end, the R&R accurately stated that "as to Dr. Bihl's treatment notes, the ALJ specifically summarized many of those records (Tr. 21-23) before finding 'the record above does not establish foundation for or medical support for either of Dr. Bhil's allowances' (Tr. 25), those allowances being the reported need for rest and elevation of feet due to swelling and pain (tr. 24). Doc. 14, p. 24. The R&R then discusses the ALJ"s discussion of Dr. Bil's treatment records as follows:

- Visits from March and September 2016 which "showed complaints of neuropathy, although physical examination was entirely unremarkable," with "[m]edication management on a regimen including Gabapentin" (Tr. 21 (citing Tr. 260-68);
- A visit from November 2018 where Ms. Tuttle "ask[ed] for an increase in medication for neuropathy symptoms in the feet," "[p]hysical examination was entirely unremarkable," and she was "continued on Gabapentin" (Tr. 22 (citing Tr. 355-58));
- A visit from May 2019 where she "continued to endorse feet pain at bedtime," but "physical examination continued to show no significant findings" and her "regimen of Gabapentin and Cyclobenzaprine was unchanged" (id. (citing Tr. 347-48)); and
- A visit from May 2020 which where Ms. Tuttle's "[p]hysical examination was unremarkable" and there were "no changes" in her "Gabapentin and

3

> muscle relaxer regimen," and she was referred to podiatry "to evaluate a request for new orthotic inserts" (Tr. 22-23 (citing Tr. 322-25)).

Doc. 14, p. 24. The R&R concludes that "[n]either the ALJ's summary nor the records themselves included recommendations for Ms. Tuttle to rest or elevate her feet to alleviate swelling or pain from neuropathy. It is therefore reasonable to conclude that the ALJ was supported by substantial evidence when she found records she previously summarized did not 'establish foundation…or medical support for'" the restrictions set forth in Dr. Bihl's letter. Doc. 14, p. 24-25. Tuttle acknowledges that the "ALJ's summation of the records did not contain findings regarding functional abilities and limitations and did not relate to the need for breaks or leg elevation." Doc. 15, p. 7, citing Tr. 21-23. She does not challenge the summation, nor point to any evidence that Dr. Bihl had previously noted such limitations in his treatment notes. Tuttle further acknowledges that the ALJ was not required to repeat an early summation/discussion of Tuttle's medical history. Tuttle asserts only that the ALJ failed to provide a logical bridge between the evidence the supportability factor. The Court disagrees. It is logical to assume that the acknowledged lack of evidence in the treatment records regarding the specific limitations explains the ALJ's conclusion that the limitation is not supported by the record.

Regarding consistency, Tuttle asserts that the records of other providers contained findings consistent with Dr. Bihl's opinion and that the ALJ failed to explain otherwise. Doc. 15, p. 9. Regarding this same argument, the R&R explains that

> While Ms. Tuttle is correct that other treatment notes contained clinical findings consistent with neuropathy and decreased lower extremity sensation, the ALJ clearly summarized and acknowledged those findings before evaluating Dr. Bihl's opinion. (*See* Tr. 21-23 (citing, e.g., Tr. 1688-89 (10/4/18, noting diminished sensation in both feet consistent with neuropathy); Tr. 577 (8/3/20, noting sensory deficit with loss of pinprick 8" above each ankle, inability to wiggle toes, and difficulty with tandem walk); & Tr. 546-49 (8/3/20 EMG finding "severe,

4

>symmetric, length-dependent, axonal, sensorimotor polyneuropathy").) Having discussed those findings in detail earlier in her decision, the ALJ was not required to repeat the discussion in her opinion analysis. *See Crum*, 660 F. App'x at 457. The undersigned also does not find that additional explanation was needed to clarify the ALJ's finding that the previously summarized records did not establish a "foundation" or "medical support" for a recommendation that Mr. Tuttle elevate her feet to address pain and swelling. While the records were consistent with neuropathic pain and decreased sensation, none of the records summarized by the ALJ or identified in Ms. Tuttle's brief contained recommendations or instructions to elevate her feet.

Doc. 14, p. 26. The Court agrees with this assessment. The Court concludes that ALJ explained his consideration of the supportability and consistency factors as required by 20 C.F.R. §416.920c(b)(2).

For these reasons, Tuttle's objection is OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.

Dated: August 22, 2025　　　　　　　　　　　　*/s/ John R. Adams*
　　　　　　　　　　　　　　　　　　　　　　JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE